T.C. Memo. 2003-314

UNITED STATES TAX COURT

HERBERT C. BUCK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12203-01.          Filed November 12, 2003.

Herbert C. Buck, pro se.

<u>John C. Schmittdiel</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

CHIECHI, <u>Judge</u>:  Respondent determined the following defi-
ciencies in, and accuracy-related penalties under section
6662(a)[1] on, petitioner's Federal income tax:

_____

[1]All section references are to the Internal Revenue Code in
effect for the years at issue.  All Rule references are to the
Tax Court Rules of Practice and Procedure.

| Year | Deficiency | Accuracy-Related Penalty |
|------|-----------|--------------------------|
| 1997 | $32,989 | $6,597.80 |
| 1998 | 29,274 | 5,854.80 |

The issues remaining for decision are:[2]

(1) Is petitioner entitled to deduct for each of the years at issue claimed Schedule C expenses in excess of the amount conceded by respondent?  We hold that he is not.

(2) Is petitioner liable for each of the years at issue for the accuracy-related penalty under section 6662(a)?  We hold that he is.

## FINDINGS OF FACT

Most of the facts have been deemed admitted pursuant to Rule 90(c).  Certain other facts have been stipulated and are so found.

Petitioner resided in Deer Park, Wisconsin, at the time he filed the petition in this case.

During each of the years at issue, Minnesota Mining & Manufacturing in St. Paul, Minnesota, employed petitioner. During each of those years, petitioner also operated a sole proprietorship in Hudson, Wisconsin, under the name Buck Kennel,

---

[2]In addition to the issues remaining for decision listed below, there are other questions relating to certain determinations in the notice of deficiency (notice) issued to petitioner with respect to his taxable years 1997 and 1998 that are computational in that their resolution flows automatically from our resolution of the remaining issues that we address herein and the concessions of the parties.

a dog-racing kennel.  Buck Kennel was located between petitioner's home and his place of employment at Minnesota Mining & Manufacturing.

On July 15, 1998, petitioner filed Form 1040, U.S. Individual Income Tax Return (Form 1040), for his taxable year 1997 (1997 return).  Petitioner included Schedule C, Profit or Loss From Business (Schedule C), as part of his 1997 return (1997 Schedule C).  Petitioner's 1997 Schedule C claimed various expenses totaling $66,432.

On May 24, 1999, petitioner filed Form 1040 for his taxable year 1998 (1998 return).  Petitioner included Schedule C as part of his 1998 return (1998 Schedule C).  Petitioner's 1998 Schedule C claimed various expenses totaling $70,271.

Around August or September 2000, petitioner filed Form 1040X, Amended U.S. Individual Income Tax Return (Form 1040X), with respect to his taxable year 1997 (1997 amended return).  Petitioner included Schedule C as part of his 1997 amended return (1997 amended Schedule C).  Petitioner's 1997 amended Schedule C claimed various expenses totaling $87,242.63.

Around August or September 2000, petitioner filed Form 1040X with respect to his taxable year 1998 (1998 amended return).  Petitioner included Schedule C as part of his 1998 amended return (1998 amended Schedule C).  Petitioner's 1998 amended Schedule C

claimed various expenses totaling $86,249.07.[3]

On June 29, 2001, respondent issued to petitioner the notice with respect to his taxable years 1997 and 1998. In that notice, respondent, inter alia, determined to disallow for each of the years at issue the Schedule C deductions that petitioner claimed in his 1997 Schedule C and in his 1998 Schedule C. Respondent further determined in the notice that petitioner is liable for each of the years at issue for the accuracy-related penalty under section 6662(a).

## OPINION

The parties do not address section 7491. Petitioner filed his 1997 return on July 15, 1998, and his 1998 return on May 24, 1999. We presume that respondent's examination of those returns began after July 22, 1998, and that section 7491(a) is applicable in the instant case. On the record before us, we find that petitioner's burden of proof relating to the deficiency determinations does not shift to respondent under section 7491(a). That is because petitioner has not complied with the substantiation and recordkeeping requirements of section 7491(a)(2)(A) and (B). Accordingly, we find that petitioner has the burden of proving that respondent's deficiency determinations are wrong. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). With

---

[3]Petitioner made a computational error when he added the total expenses claimed in petitioner's 1998 amended Schedule C. The correct total of such expenses is $86,249.07.

respect to any deductions that petitioner is claiming for each of the years at issue, deductions are strictly a matter of legislative grace, and petitioner bears the burden of proving that he is entitled to any deductions claimed. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).

In support of his position that he is entitled to deduct for each of the years at issue claimed Schedule C expenses in excess of the amount conceded by respondent, petitioner relies on his testimony. We found petitioner's testimony to be general, conclusory, vague, self-serving, and uncorroborated in material respects. We shall not rely on petitioner's testimony to support his position with respect to the claimed deductions at issue. On the record before us, we find that petitioner has failed to carry his burden of showing that he is entitled to deduct for each of the years at issue claimed Schedule C expenses in excess of the amount conceded by respondent.

We now turn to the determination in the notice that petitioner is liable for each of the years at issue for the accuracy-related penalty under section 6662(a). According to respondent, petitioner is liable for that penalty because of negligence or disregard of rules or regulations under section 6662(b)(1). On the record before us, we find that respondent has carried respondent's burden of production under section 7491(c) with respect to the accuracy-related penalty under section 6662(a) for each of

the years at issue.  On that record, we further find that petitioner has failed to carry his burden of showing that he was not negligent and did not disregard rules or regulations within the meaning of section 6662(b)(1), or otherwise did what a reasonable person would do, with respect to the underpayment for each of those years.[4]  On the record before us, we also find that petitioner has failed to carry his burden of establishing that he acted with reasonable care and in good faith with respect to the underpayment for each of the years at issue.[5]  See sec. 6664(c)(1).  On that record, we further find that petitioner has failed to carry his burden of showing that he is not liable for each of the years at issue for the accuracy-related penalty under section 6662(a).

We have considered all of the contentions and arguments of petitioner that are not discussed herein, and we find them to be without merit and/or irrelevant.

To reflect the foregoing and the concessions of the parties,

Decision will be entered

under Rule 155.

---

[4]Petitioner did not maintain any records to substantiate that he is entitled to deduct for each of the years at issue claimed Schedule C expenses in excess of the amount conceded by respondent.  See sec. 1.6662-3(b)(1), Income Tax Regs.

[5]See supra note 4.